27 C.C.P.A. (Patents)

**LA COMPAGNIE FERMIERE DE L'ETABLISSEMENT THERMAL DE VICHY, SOCIETE ANONYME, v. CELESTIN, Limited (two cases).**

Patent Appeals Nos. 4334, 4335.

Court of Customs and Patent Appeals.

June 24, 1940.

Asher Blum, of New York City (Hugo Mock, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Martin Taylor, of New York City (Martin Taylor and John Collins, both of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

On March 24, 1937, appellee, describing itself as a corporation organized and existing under the laws of the State of New York, filed two applications in the United States Patent Office seeking registration of certain trade-marks for brandy, cognac, and cognac brandy. Both applications were opposed by appellant. The Examiner of Interferences dismissed the notices of opposition and adjudged appellee entitled to the registrations sought. The Commissioner of Patents affirmed the decisions of the examiner and appellant took appeals to this court.

In view of the practical identity of the issues the cases were consolidated for hearing and disposed of by the commissioner in a single opinion. We take the same course.

The respective drawings filed with the respective applications embraced a number of words shown imposed upon panels or backgrounds. In one application the background is described as being lined for gold and in the other for yellow and red. One feature of one of the marks shows a band upon which are imposed three representations of stars; the other shows a similar band having imposed thereon the words "20 Years Old," instead of stars. Each drawing shows a figure seemingly in the nature of a shield imposed upon a background and each has as a feature the word "Celestin's" printed in large type. This word, however, along with all the other words, is disclaimed in both applications, both stating: "No claim is made to any

words apart from the mark as shown, nor to the representation of the label."

Appellant bases both oppositions upon its ownership of the mark "Celestin's" registered for "natural mineral waters" many years before appellee's alleged use of either of its marks, and the tribunals of the Patent Office correctly considered the issue to be whether the goods of the respective parties fall within the designation, "same descriptive properties."

Labels filed with appellant's notices of opposition show the use of the mark on Vichy water and it is described as a medicinal water on the labels.

Appellant took no testimony to show any relationship between its product and that of appellee. It seems to have relied solely upon the decision of the Commissioner of Patents in the case of White Rock Mineral Springs Company v. Adolph Neurad, 33 U. S. P. Q. 163, where it was held that confusion would probably result from the sale of whiskey on the one hand and ginger ale and carbonated water on the other under identical trade-marks inasmuch as it is a matter of common knowledge that ginger ale and carbonated water are extensively used with whiskey.

The Examiner of Interferences pointed out that it is well known that natural mineral water is generally sold for its medicinal properties and that this constitutes its primary appeal to the trade.

■ The Commissioner of Patents referred to his prior decision in the White Rock Mineral Springs Company case, supra, saying that mineral water was not mentioned therein, and continued: "In the instant case no testimony was taken, and I do not think the quoted language with respect to 'common knowledge' is applicable to the present opposer's goods. So far as I know mineral water is not used with cognac or brandy, nor do I feel free to assume that it is sold in the same stores or to the same class of purchasers. If so, these were facts to be proved, and the burden of proof rested upon opposer. Having failed to discharge such burden opposer must abide the consequences."

We think there was no error in the commissioner's decision in this regard.

Another issue is presented by the reasons of appeal filed with the notice of appeal to us.

■ After the commissioner had rendered his decision appellant filed a motion to reopen the cases for the purpose of taking testimony. The motion was denied and this action was assigned as error.

In the decision of the commissioner denying the motion it was said:

"The motion to reopen is supported by the affidavit of one of opposer's attorneys to the effect that opposer has been laboring under the misapprehension that in the case of White Rock Mineral Springs Co. v. Neurad, 478 O. G. 717, 33 U. S. P. Q. 163, 'the Commissioner meant to hold * * * that mineral water and whisky were of the same descriptive properties;' which was presumably opposer's reason for failing to produce evidence in that regard at the proper time. The fact is, however, that it was pointed out quite clearly by the examiner of interferences in his decisions that the cited case was restricted to a consideration of ginger ale and carbonated water as compared to whisky, which were held to possess the same descriptive properties because, as therein stated:

" 'It is a matter of common knowledge that both ginger ale and carbonated water are extensively used with whisky, and that all are sold in similar containers, by the same dealers, to the same class of purchasers.' "

Further comment of the Examiner of Interferences was quoted and the commissioner continued:

"Opposer's attention having thus been directed to the distinction between the question decided in the case upon which it relied and the question presented in its own cases, I do not think opposer's showing is sufficient, at this late date, to warrant the relief it seeks. The motion to reopen should have been made, if at all, promptly after the examiner's decisions were rendered. Opposer's appeals from those decisions have now been successfully resisted by applicant, and it would be manifestly unfair to the latter to compel relitigation of its right to register.

"The motion is denied."

We have examined the affidavit of the attorney and the exhibits filed therewith. It is questionable, to say the least, whether if the statements in the exhibits were formally proved such evidence would establish, with any degree of satisfaction, that natural mineral waters are used to any appreciable extent for mixing in alcoholic drinks, but, however this may be, we are fully satisfied that there was no abuse of

the commissioner's discretion in refusing the motion to reopen the cases. The decision of the Examiner of Interferences in which he construed the commissioner's prior decision in the White Rock Mineral Springs Company case, supra, was clear, definite, and fully sufficient to place appellant upon notice as to the real issue involved.

So, we find no error in the decisions upon the merits of the opposition, nor any in the refusal of the motion to reopen the cases for the purpose of taking testimony.

The decision of the Commissioner of Patents in the consolidated cases is affirmed.

Affirmed.